## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

**KRISTIN IBARRA JOSE,**
**individually and on behalf**
**of all others similarly situated,**

      Plaintiff,

  v.

**ENHANCED RECOVERY COMPANY, LLC,**

      Defendant.

Case No. 18-cv-1680

**CLASS ACTION**

**JURY TRIAL DEMANDED**

### COMPLAINT - CLASS ACTION

Plaintiff Kristin Ibarra Jose, on behalf of herself and all others similarly situated, files this Class Action Complaint against Enhanced Recovery Company, LLC ("ERC" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

### I.    NATURE OF THE CASE

1. Plaintiff brings this action against Defendant for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a–1681x.

2. Defendant ERC routinely procures consumers' credit reports for the purpose of reviewing credit obligations and collection of consumer debt.

3. Plaintiff brings nationwide class claims against ERC for knowingly and intentionally procuring credit reports of consumers whose debts had been discharged in bankruptcy and for which there was therefore no permissible purpose for accessing such reports.

## II.   PARTIES

4.   Plaintiff Kristin Ibarra Jose is a "consumer" as protected and governed by the FCRA, and resides in Indianapolis, Indiana.

5.   Defendant ERC is a Florida limited liability company which maintains offices at 8014 Bayberry Road, Jacksonville, Florida 32256.  ERC is a debt collector as defined by section 1692a(6) of the Fair Debt Collection Practices Act because it regularly uses the mails and/or the telephone to collect, or attempt to collect, consumer debts alleged to be due another.  ERC operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including in the Southern District of Indiana.

## III.   JURISDICTION AND VENUE

6.   The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

7.   Venue is proper in this Court because ERC can be found in this District.  28 U.S.C. § 1391(b)(3).  Defendant regularly sells its products and services in this District.

## IV.   FACTUAL ALLEGATIONS

8.   On March 2, 2017, Plaintiff filed for relief under Chapter 7 of the United States Bankruptcy Code.

9.   Plaintiff's bankruptcy petition contained a list of her debts.  In particular, Schedule F of the petition listed ERC as two of Plaintiff's creditors.

10.   On March 5, 2017, the Bankruptcy Noticing Center sent Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, by first class mail to the Defendant.  *See* Notice attached hereto as Exhibit A.

11.   The Notice advised that the Plaintiff had filed a bankruptcy case and that all collection activities were to be stayed pursuant to the Bankruptcy Code.  *Id*.

12. On May 31, 2017, the Plaintiff received an order granting her discharge of her debts. *See* Exhibit B hereto.

13. The Bankruptcy Noticing Center sent the Order of Discharge of Debtor by first class mail to the Defendant on June 2, 2017. *See* Exhibit C hereto.

14. The Defendant received multiple notifications from the U.S. Bankruptcy Court that Plaintiff's debts were subject to the bankruptcy case. Thus, the Defendant knew that the Plaintiff had filed a Chapter 7 bankruptcy case, completed the Chapter 7 bankruptcy case and had received a discharge of her debts, including the debts that the Defendant was attempting to collect.

15. Notwithstanding, on September 5, 2017, the Defendant procured the Plaintiff's Trans Union credit report. *See* Exhibit D attached hereto.

16. Permissible purposes for accessing a credit report include, but are not limited to, a person seeking a credit report in connection with a possible credit transaction, employment purposes, servicing of an existing credit obligation, or an otherwise legitimate business need. 15 U.S.C. § 1681b(a)(3)(A), (B), (E) and (F).

17. The Defendant had no permissible purpose for procuring the Plaintiff's credit report.

18. As the result of its violations of the FCRA, ERC is liable to Plaintiff for statutory and punitive damages, as well as attorneys' fees and costs. 15 U.S.C. § 1681n.

19. Defendant's conduct and actions were willful. The language of section 1681b(a) is pellucidly clear and there is no reasonable reading of the statute that could support Defendant's actions.

20. Defendant received multiple notices that the alleged debts were subject to a bankruptcy action, had been discharged and were no longer collectible. Nonetheless, Defendant

willfully, deliberately and intentionally procured Plaintiff's credit report after receiving notice of the entry of the discharge order.

21. Defendant routinely obtains and uses consumer reports under false pretenses and/or impermissible purposes regarding consumers with whom Defendant has no account or credit relationship.

22. This practice violates the fundamental privacy protection afforded consumers under the FCRA and runs counter to longstanding regulatory guidance. The Federal Trade Commission ("FTC") has long held that under section 604(a)(3) of the FCRA (15 U.S.C. § 1681b(a)(3)), "'review' of an account refers to an existing (i.e., open or current) account. See FTC letter dated April 29, 1999 to Don Gowen. Because there no longer exists any account to "review" and the consumer is not applying for credit, the FCRA provides no permissible purpose for the creditor to receive a consumer report from a CRA. *See* FTC Advisory Opinion letter dated April 30, 1999 to Kenneth J. Benner.

23. Case law existing prior to and at the time of Defendant's actions described herein served to put Defendant on notice that its actions in accessing a consumer's credit report when the alleged debt was no longer collectible was in violation of the FCRA.

24. By reasons of the clear statutory language, the FTC opinions, the above cases and others construing section 1681b(a)(3) of the FCRA, Defendant had substantial notice that its conduct violated the FCRA. Further, because the FCRA was enacted in 1970, Defendant has had years to become compliant but has failed to do so.

25. As a result of Defendant's conduct, the consumer class members such as Plaintiff have suffered concrete injuries. In addition to having their privacy invaded, consumer class members have had their personal identifying and account-related information unnecessarily disseminated to the Defendant, and, upon information and belief, to its related information-sharing

affiliates. Defendant has subjected consumer class members to an increased risk of identity theft and/or a data breach, resulting in consequential anxiety and emotional distress. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

26. Defendant, at all times relevant hereto, was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## V. CLASS ACTION ALLEGATIONS

27. Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681b, Plaintiff brings this action for herself and on behalf of the following Class:

> All natural persons: (a) whose consumer report was obtained by Defendant after the date beginning five years prior to the filing of this Complaint; (b) for an account review purpose; and, (c) where Defendant's records note that the account relationship had terminated because (i) the debt on the account had been discharged in bankruptcy; (ii) the account was closed with a zero balance; or, (iii) the account had been sold or transferred to a third party.

Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

28. Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to ERC releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

29. **Numerosity**. The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least thousands of members who are geographically dispersed

throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

30. **Commonality**. Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The primary common legal and factual question is whether Defendant's procuring the consumer report of a consumer whose debts had been discharged by bankruptcy court order violated section 1681b(a) of the FCRA by procuring such reports without a permissible purpose.

31. **Typicality**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that she seeks for absent class members.

32. **Adequacy**. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex, commercial, multi-party, consumer, and class-action litigation. Plaintiff's counsel have prosecuted complex FCRA class actions across the country.

33. **Predominance and Superiority**. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford

such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

34.     Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## VI.     CAUSES OF ACTION
### COUNT I
### 15 U.S.C. § 1681b(a)

35.     Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

36.     Defendant ERC is a "person" as defined by sections 1681a(b) of the FCRA.

37.     Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

38.     The above-mentioned report is a "consumer report" as defined by section 1681a(d) of the FCRA.

39.     Section 1681b(f) of the FCRA provides as follows:

A person shall not use or obtain a consumer report for any purpose unless—
    (1)     the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
    (2)     the purpose is certified in accordance with section with section 1681e of this title by a prospective user of the report through a general or specific certification.

40. Section 1681b(a)(3) of the FCRA provides a list of permissible purposes:

In general.

Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
...

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;

...

(F) otherwise has a legitimate business need for the information—

(i) in connection with a business transaction that is initiated by the consumer; or
(ii) to review an account to determine whether the consumer continues to meet the terms of the account.

41. Pursuant to section 1681n and 1681o of the FCRA, Defendant ERC is liable for willfully and negligently violating section 1681b(f) by obtaining consumer reports without a permissible purpose.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

A. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

B. That judgment be entered in favor of the Class against Defendant ERC for statutory damages and punitive damages for violation of 15 U.S.C. § 1681b(a), pursuant to 15 U.S.C. § 1681n;

C. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

D. That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

## VIII. TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

DATED: June 4, 2018                    Respectfully submitted,

BY:  */s/ John T. Steinkamp*
John T. Steinkamp, Esq.
John Steinkamp & Associates
5214 S. East Street, Suite D1
Indianapolis, IN 46227
T: (317) 780-8300
F: (317) 217-1320


James A. Francis*
David A. Searles*
FRANCIS & MAILMAN, P.C.
Land Title Building, Suite 1902
100 South Broad Street
Philadelphia, PA 19110
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com
dsearles@consumerlawfirm.com

Attorneys for Plaintiff and the Class

*Pro hac vice applications forthcoming